FILED - KZ
June 15, 2020 10:42 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
mg Scanned by mg 6/15/20

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:20-cv-540

Janet T. Neff
U.S. District Judge
Phillip J. Green
U.S Magistrate Judge

| | |
|---|---|
| DANNY SPENCER, | ) |
| | ) CIVIL ACTION .: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| FAMILY HEALTH CENTER, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

### I. NATURE OF THIS ACTION

1. This action is brought by Danny Spencer (hereinafter "Spencer" or "Plaintiff"), an African-American male former employee of the Family Health Center (hereinafter "FHC" or "Defendant"). Spencer alleges that the Defendant tolerated and condoned discrimination and retaliation against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Elliott-Larsen Civil Rights Act.

2. The Plaintiff seeks a declaratory judgment that the Defendant has engaged in race discrimination, gender discrimination, marital status discrimination, and retaliation in the terms and conditions of employment and that such conduct is unlawful under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Elliott-Larsen Civil Rights Act.

3. The Plaintiff is seeking a permanent injunction and other equitable relief necessary to eliminate the effects of the Defendant's past and present race, gender, and marital status discrimination and retaliation and to prevent such acts from continuing to adversely affect his life and career in the future, including, but not limited to, reinstatement, affirmative restructuring of the

Defendant's anti-discrimination policies and implementation of equitable relief to include declaratory, equitable, and injunctive relief, reimbursement of expenses incurred in prosecuting this action, and attorney's fees. Finally, the Plaintiff seeks compensatory damages, punitive damages, and all other equitable remedies and damages necessary to make her whole.

4. The prosecution of the Plaintiff's claims will require adjudication of the following questions: (1) whether the Defendant allowed and condoned discrimination in employment; and, (2) whether the Defendant allowed and/or condoned retaliation against the Plaintiff for reporting and/or opposing discrimination in employment.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 et seq., as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a). Supplemental jurisdiction for Plaintiff's claims under the Elliott-Larsen Civil Rights Act is proper under 28 U.S.C. § 1367.

6. Venue is proper in the Western District of Michigan (Southern) under 28 U.S.C. § 1391(B) & (C) because the Defendant has offices here, maintains personnel records here, and engages in or ratifies illegal conduct here adversely affecting the Plaintiffs.

## III. ADMINISTRATIVE EXHAUSTION

7. Plaintiff Spencer has fulfilled all conditions precedent to the institution of this action under the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 et seq., as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866," 42 U.S.C. § 1981

and 1981(a). Spencer filed his charge of discrimination within 180-days of the last discriminatory act. Spencer is also filing his lawsuit within 90-days of receiving his notice of right to sue from the Equal Employment Opportunity Commission. Spencer's claims arising under 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to a four-year statute of limitations. Spencer's claims arising under the Elliott-Larsen Civil Rights Act also do not require administrative exhaustion and are subject to a three-year statute of limitations.

## IV. PARTIES

### A. Plaintiff

8. Plaintiff Spencer is an African-American male citizen of the United States and a resident of Kalamazoo, Michigan. Upon information and belief, Spencer was formerly employed by the Defendant at its Kalamazoo, Michigan location.

### B. Defendant

9. Defendant FHC is a corporation authorized to do business in the Western District of Michigan, Southern Division, and at all times material to this action, has engaged in an industry affecting interstate commerce. FHC is an entity subject to suit under Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. Section 1981, and the Elliott-Larsen Civil Rights Act.

10. At all times material to this action, FHC has employed fifteen (15) or more employees for each working day of twenty (20) or more calendar weeks and is an employer within the meaning of Title VII.

## V. STATEMENT OF FACTS

11. Plaintiff Spencer re-alleges and incorporates by reference paragraphs 1-10 with the same force and effect as if fully set out in specific detail herein below.

12. Spencer, an African-American male, was employed by the Defendant from July 31, 2017 until his termination on March 4, 2019.

13. During the course of his employment Spencer was treated differently and less advantageously than similarly situated white and/or female employees in that he was subjected to more severe and often unwarranted discipline. Put simply, Spencer was "managed" out of the Defendant's organization by having his work subjected to heightened scrutiny not directed towards his white and/or female co-workers.

14. Furthermore, Spencer was discriminated against due to his martial and relationship status in that he was harassed and had is work scrutinized unfairly due to his being divorced from the relative of an FHC official.

15. On February 13, 2019, Spencer met with the Defendant's CEO to complain about discrimination and harassment. By March 4, 2019, he was terminated from his job.

## VI. CAUSES OF ACTION

### FEDERAL CLAIMS

**COUNT I: RETALIATION IN VIOLATION TITLE VII AND 42 U.S.C. § 1981**

16. Plaintiff re-alleges and incorporate by reference paragraphs 1-15 with the same force and effect as if fully set out in specific detail herein below.

17. Plaintiff has been retaliated against for reporting and opposing discrimination in

4

employment. Approximately nineteen-days after reporting discrimination in employment, the Plaintiff was terminated.

18. Almost immediately after reporting discrimination and harassment the Plaintiff was subjected to adverse employment actions that would be likely to dissuade a reasonable worker in his position from making or supporting a complaint of discrimination. Plaintiff's complaint of discrimination was the determinative "but for", rather than the sole, reason for the retaliation he suffered.

19. The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII and 42 U.S.C. § 1981.

20. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

21. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

22. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

23. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

24. This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Title VII and 42 U.S.C. § 1981.

### COUNT II: RACE AND GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

25. Plaintiff re-alleges and incorporate by reference paragraphs 1-24 with the same force and effect as if fully set out in specific detail herein below.

26. The unlawful actions of Defendant, by and through its agents, alleged herein were substantially motivated by unlawful race and/or gender discrimination. Defendant, by and through its agents, engaged in the race and/or discrimination complained of herein with malice and reckless indifference to Plaintiff's federally protected rights.

27. As a result of Defendant's actions, Plaintiff has suffered extreme harm including, but not limited to, loss of employment, compensation and other benefits and conditions of employment.

28. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering and loss of enjoyment of life. As discussed above, Plaintiff was willfully and maliciously discriminated against on the basis of his race with respect to the terms, conditions, and privileges of his employment.

29. Specifically, Plaintiff was held to higher disciplinary standard than similarly situated white and/or female employees accused of the same or more egregious workplace rules violations.

30. Defendant's discriminatory application of its disciplinary rules was a "motivating factor" in Plaintiff's termination in that it gave Defendant a pretextual reason to dismiss him.

31. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights.

32. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

33. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is his only means of securing adequate relief.

34. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## STATE LAW CLAIMS

### COUNT III: RACE AND GENDER DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

35. Plaintiff re-alleges and incorporate by reference paragraphs 1-34 with the same force and effect as if fully set out in specific detail herein below.

36. The unlawful actions of Defendant, by and through its agents, alleged herein were substantially motivated by unlawful race and/or gender discrimination. Defendant, by and through its agents, engaged in the race and/or discrimination complained of herein with malice and reckless indifference to Plaintiff's federally protected rights.

37. As a result of Defendant's actions, Plaintiff has suffered extreme harm including, but not limited to, loss of employment, compensation and other benefits and conditions of employment.

38. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering and loss of enjoyment of life. As discussed above, Plaintiff was willfully and maliciously discriminated against on the basis of his race with respect to the terms, conditions, and privileges of his employment.

39. Specifically, Plaintiff was held to higher disciplinary standard than similarly situated white and/or female employees accused of the same or more egregious workplace rules violations.

40. Defendant's discriminatory application of its disciplinary rules was a "motivating factor" in Plaintiff's termination in that it gave Defendant a pretextual reason to dismiss him.

41. The unlawful conduct of the Defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the Plaintiff's federally protected rights. By said acts, the Defendant has violated the Elliott-Larsen Civil Rights Act.

42. The Defendant's conduct as described above caused the Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

43. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is his only means of securing adequate relief.

44. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

45. Such conduct has denied Plaintiff equal protection and civil rights guaranteed by the Constitution and laws of the State of Michigan.

### COUNT IV: RETALIATION IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT

46. Plaintiff re-alleges and incorporate by reference paragraphs 1-45 with the same force and effect as if fully set out in specific detail herein below.

47. Plaintiff has been retaliated against for opposing discrimination in employment. On February 13, 2019, the Plaintiff complained of discrimination. Approximately nineteen-days later he was terminated from his position. Plaintiff's complaint of discrimination was the determinative "but for", rather than the sole, reason for his termination.

48. The effect of the Defendant's retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of the Elliott-Larsen Civil Rights Act.

49. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

50. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's retaliatory, demeaning, and unlawful conduct.

51. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

52. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

53. This malicious, reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to the Elliott-Larsen Civil Rights Act.

**COUNT V: MARITAL STATUS DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**

54. Plaintiff re-alleges and incorporate by reference paragraphs 1-53 with the same force and effect as if fully set out in specific detail herein below.

55. The Defendant took adverse action on against the Plaintiff because of his marital status, divorced, and because he was formerly married to a relative of one of its officials.

56.     Upon information and belief, once it was discovered that the Plaintiff had been formerly married to a relative of one of the Defendant's officials, his job performance began to be overly scrutinized and he was subjected to disparate terms and conditions of employment in violation of the Elliott-Larsen Civil Rights Act.

VII.   PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Act Of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and 1981(a), and the Elliott-Larsen Civil Rights Act.

2.   Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1991", 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and 1981(a), and the Elliott-Larsen Civil Rights Act.

3.   Issue an injunction ordering this Defendant to: (1) not engage in discrimination or retaliation; (2) establish written policies and procedures against such discriminatory conduct; and (3) establish a grievance procedure for reporting such conduct.

4.   After trial, enter an order requiring the Defendant to make the Plaintiff whole, by awarding her punitive damages, compensatory damages, nominal damages, liquidated

damages, equitable relief, declaratory relief, injunctive relief, and benefits.

     5.     The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully submitted,

*Danny Spencer, Pro Se*
1414 N. Church
Kalamazoo, MI 49007