UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY SPENCER,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:20-cv-540

FAMILY HEALTH CENTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against his former employer, Family Health Center (FHC), alleging that he was subjected to unlawful discrimination and retaliation in violation of federal and state law. Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). Plaintiff, an African-American man, was employed by FHC beginning July 31, 2017. During his employment, Plaintiff "was treated differently and less advantageously than similarly situated white and/or female employees in that he was subjected to more severe and often unwarranted discipline." Specifically, Plaintiff's work was "subjected to heightened scrutiny not directed towards his white and/or female co-workers." Plaintiff

-1-

was further "discriminated against due to his marital relationship status in that he was harassed and had [h]is work scrutinized unfairly due to his being divorced from the relative of an FHC official." On February 13, 2019, Plaintiff met with Defendant's CEO "to complain about discrimination and harassment." On March 4, 2019, Plaintiff's employment with Defendant was terminated.

Plaintiff alleges that FHC subjected him to unlawful retaliation as well as race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964[1] and Michigan's Elliott-Larsen Civil Rights Act (ELCRA). Defendant now moves to dismiss Plaintiff's complaint. Defendant argues that Plaintiff's allegations fail to state a claim on which relief may be granted. Defendant further argues that Plaintiff's Title VII claims are subject to dismissal because they were not timely filed. Plaintiff has responded to Defendant's motion.

## ANALYSIS

**I.  Timeliness**

A plaintiff must satisfy two prerequisites before bringing a Title VII action in federal court. He must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter from the EEOC. *See, e.g., White v. Northern Michigan Regional Hospital*, 698 F.Supp.2d 950,

---

[1] Plaintiff also asserts a retaliation claim under 42 U.S.C. § 1981. The elements of this claim are identical to his Title VII retaliation claim. *See Boxill v. O'Grady*, 935 F.3d 510, 519-20 (6th Cir. 2019).

957-58 (W.D. Mich. 2010). He must then initiate his action in federal court within ninety days of receiving a right-to-sue letter from the EEOC. *See Lockhart v. Holiday Inn Express Southwind*, 531 Fed. Appx. 544, (6th Cir., July 29, 2013).

Plaintiff filed a complaint with the EEOC and on March 12, 2020, the EEOC issued to Plaintiff a right to sue letter. (ECF No. 7, PageID.42-43). A copy of this letter was mailed to Plaintiff and Plaintiff's counsel. Plaintiff initiated action in this Court on June 15, 2020, 95 days later. Defendant argues that Plaintiff's Title VII claims are untimely and must be dismissed.

The ninety-day window within which to timely file an action does not begin to run until a plaintiff, or his counsel, receives the EEOC's right-to-sue letter. *See Rembisz v. Lew*, 830 F.3d 681, 682 (6th Cir. 2016). In the absence of evidence demonstrating otherwise, there exists a presumption that a recipient did not receive the EEOC's right-to-sue letter until five days after mailing. *Ibid*. In his complaint, Plaintiff alleges that he initiated this action within ninety days of receiving the EEOC's right to sue letter. Defendant has presented no evidence demonstrating that Plaintiff, or his counsel, received the EEOC's right to sue letter prior to the fifth day after mailing. Thus, Defendant has failed to establish that Plaintiff's Title VII claims were not timely filed. Accordingly, the undersigned recommends this aspect of Defendant's motion be denied.

## II.     Failure to State a Claim

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

-4-

*Id.* at 678-79 (internal citations omitted).

    A.    Retaliation

Plaintiff has asserted retaliation claims under both Title VII and ELCRA. Title VII makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice. *See Wasek v. Arrow Energy Services, Inc.*, 682 F.3d 463, 468-69 (6th Cir. 2012). The elements of such a claim are: (1) Plaintiff engaged in protected activity; (2) Defendant knew Plaintiff was engaged in protected activity; (3) Defendant took adverse action against Plaintiff; and (4) there exists a causal connection between Plaintiff's protected activity and the adverse employment action. *Ibid.* The same analysis applies to Plaintiff's ELCRA retaliation claim. *Id.* at 472.

Plaintiff alleges that Defendant terminated his employment soon after he "report[ed] and oppos[ed] discrimination in employment." Specifically, Plaintiff alleges that, on February 13, 2019, he "met with Defendant's CEO to complain about discrimination and harassment." Plaintiff next alleges that his employment was terminated on March 4, 2019. Plaintiff's allegations are little more than a legal conclusion. Plaintiff fails to describe the "discrimination and harassment" about which he complained and, therefore, has failed to sufficiently allege that he was engaged in protected conduct. Plaintiff has also failed to allege facts sufficient to establish that there exists a causal connection between his complaints and his termination. *See, e.g., Wasek*, 682 F.3d at 471-72 ("we have repeatedly cautioned against inferring causation

based on temporal proximity alone"). Accordingly, the undersigned recommends that Plaintiff's motion to dismiss be granted as to Plaintiff's retaliation claims.

> B.   Racial and Gender Discrimination

Plaintiff has asserted gender and racial discrimination claims under Title VII and ELCRA. To prevail on these claims under Title VII, Plaintiff demonstrate: (1) membership in a protected class; (2) he was qualified for his position and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated person outside his protected class. *See Wingo v. Michigan Bell Telephone Co.*, 815 Fed. Appx. 43, 45 (6th Cir., June 11, 2020) (analyzing racial discrimination claims); *Redlin v. Grosse Pointe Public School System*, 921 F.3d 599, 606 (6th Cir. 2019) (analyzing gender discrimination claims). The analysis applicable to Plaintiff's racial and gender discrimination claims under ELCRA is identical. *See Wingo*, 815 Fed. Appx. at 47; *Redlin*, 921 F.3d at 606-07.

Plaintiff's meager allegations fail to state a claim for racial or gender discrimination. While Plaintiff asserts the conclusion that he was treated "differently and less advantageously" than white and/or female employees, Plaintiff has failed to allege facts, which, if proven, would entitle him to prevail on these claims. Accordingly, the undersigned recommends that Plaintiff's motion to dismiss be granted as to Plaintiff's racial and gender discrimination claims.

C.     Plaintiff's Request to Amend the Complaint

Plaintiff argues that in the event the Court finds his compliant deficient, he should be permitted an opportunity to amend his complaint. The Court agrees. *See, e.g., Lucas v. Chalk*, 785 Fed. Appx. 288, 292 (6th Cir., Aug. 19, 2019) (observing that "if it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend"). Accordingly, the undersigned recommends that, in the event the Honorable Janet T. Neff adopts the recommendation to grant Defendant's motion to dismiss for failure to state a claim, Plaintiff be permitted 21 days to amend his complaint.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 7) be granted in part and denied in part. Specifically, the undersigned recommends that Defendant's motion that Plaintiff's Title VII claims were not timely filed be denied. The undersigned further recommends that Defendant's motion that Plaintiff's compliant be dismissed for failure to state a claim be granted, but that Plaintiff be granted 21 days to amend his complaint.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 27, 2020             /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge